Filed 12/19/25  P. v. Villegas CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO SARRAZA VILLEGAS,<br><br>　　　Defendant and Appellant. | A173344<br><br>(Napa County Super. Ct. No. 19CR001441) |

In an earlier appeal, this court reversed defendant Antonio Sarraza Villegas's conviction on count 1 and remanded for resentencing due to sentencing error with respect to the convictions on counts 3, 5, and 6.  (*People v. Villegas* (December 19, 2024, A165626 [nonpub. opn] (*Villegas I*).)[1]  As defendant

---

[1]  In count 1, defendant was convicted of committing a lewd and lascivious act on Jane Doe 1, in violation of Penal Code section 288, subdivision (a).  In count 3, defendant was convicted of sexually penetrating Jane Doe 2, a minor over the age of 14, with a foreign object, in violation of Penal Code section 289, subdivision (a)(1)(C).  In count 5, defendant was convicted of sexually penetrating Jane Doe 3, a minor over the age of 14, in violation of Penal Code section 289, subdivision (a)(1)(C).  In count 6, defendant was convicted of forcibly orally copulating Jane Doe 3, a minor over the age of 14, in violation of former

1

raised no challenge to counts 2 and 4 in his earlier appeal, we affirmed the convictions and sentences on those counts. (*Ibid.* [noting that defendant challenged the conviction on count 1 and the sentences with respect to counts 3, 5, and 6; "[w]e reverse defendant's conviction on count 1 and order that the One Strike sentences for his convictions on counts 3, 5, and 6 be reduced to 15 years to life. We otherwise affirm the judgment."].)

In this appeal from the resentencing, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) summarizing the facts and asking the court to review the record to identify any issues warranting relief. Defendant was advised of his right to file a supplemental brief and filed such a brief on September 22, 2025. After our independent review of the briefs and the record, we find no issues warranting further briefing and affirm.

## BACKGROUND

The facts underlying defendant's convictions are set forth in detail in *Villegas I* and are not relevant to our disposition, so we do not repeat them here. It is sufficient to say that all charges and special allegations in the information related to defendant's sexual molestation of three minors, Jane Does 1, 2, and 3, from 2010 to 2019. (*Villegas I, supra,* A165626.) The jury convicted on all counts and found true all allegations. (*Ibid.*) In *Villegas I,* we reversed the conviction on count 1 (which related to Jane Doe 1),

---

Penal Code section 288a, subdivision (c)(2)(C). (*Villegas I, supra,* A165626.)

All further statutory references are to the Penal Code.

2

remanded for resentencing on counts 3, 5, and 6 (reducing the sentences on each count from 25 years to life to 15 years to life), and otherwise affirmed. (*Ibid.*)

On remand, the People dismissed count 1 and the parties agreed that the trial court should reduce the sentences on counts 3, 5, and 6 from three consecutive terms of 25 years to life to three consecutive terms of 15 years to life. As the sentences for count 2, a violation of section 288, subdivision (a), and count 4, a violation of section 288, subdivision (c)(1), were unaffected by *Villegas I,* the court imposed a new sentence of 70 years to life, plus three years, as follows: 25 years to life on count 2; 15 years to life on each of counts 3, 5, and 6; and three years on count 4, with all sentences running consecutive to each other. Defendant's counsel raised no objection to this sentence.

## DISCUSSION

Having conducted an independent review of the record, we find no issues requiring further briefing. Defendant's appointed counsel raised no issues in the *Wende* brief. Defendant's supplemental brief, although difficult to follow, appears to assert that "because of Pen. Code § 654 he is entitled to a max of 6 years for [each] count (for count [*sic*] 2, 3, 5, and 6) wich [*sic*] is a grand total of 24 years instead [*sic*] 60 to life on the current sentence plus 4 years on count 4." Defendant further claims that his counsel "should request that Pen. Code § 288 counts [should] run or be imposed concurrent instead of consecutive because of lack of any concrete evidence against him (for counts 2, 3, 5, and 6)" and

3

that section 1170, subdivision (b) required the trial court to impose a middle term.

The contentions in defendant's supplemental brief are without merit, as defendant was properly sentenced pursuant to the statutory scheme and the jury's verdict. The verdict included true findings on enhancing allegations pursuant to the One Strike provisions of section 667.61, subdivisions (b), (c), (e), and (j) — including the fact that the acts were committed against more than one victim — and California Rules of Court, rule 4.421(a) and (b) — including that defendant abused a position of trust and engaged in violent conduct indicating a serious danger to society. As defendant's convictions for counts 2, 3, 5, and 6 remained intact after *Villegas I* and those charges involved two victims, the consecutive indeterminate sentences were appropriate. (§ 667.61, subd. (i) ["the court shall impose a consecutive sentence" for each conviction for, e.g., § 289, subd. (a)(1)(C) and former §288a, where the convictions involve separate victims or the same victim on separate occasions].) In addition, because the jury found true numerous aggravating circumstances pursuant to California Rules of Court, rule 4.421, the court did not err in reimposing the upper term sentence of three years for defendant's conviction on count 4.

Moreover, defendant's counsel did not object to the sentence imposed on remand, so the challenges raised by defendant in his supplemental brief are forfeited in any event. (*People v. Wilson* (2024) 16 Cal.5th 874, 906 [finding forfeiture where defendant failed to raise argument in trial court].)

## DISPOSITION

The judgment is affirmed.


BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.


*People v. Villegas* (A173344)